**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 05:23 PM December 3, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHERYL A. HOLLIS, | ) | CASE NO. 15-62337 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

Now before the Court is Debtor's motion to transfer venue of her case to the Bankruptcy Court for the Northern District of Ohio, Western Division. Debtor's request is not supported by any citation to the bankruptcy code, rules, or applicable case law. No objections were filed.

The Court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

There is no dispute that the proper venue for this case is the Northern District of Ohio, as governed by the "greater of the past 180 days" domicile rule in 28 U.S.C. § 1408(1). This case was appropriately assigned to the Eastern Division, Canton, in accordance with Local

Bankruptcy Rule 1071-1 based on Debtor's county of residence at the time of filing. Consequently, this court is the proper forum under the code and rules for this case. Although Debtor moves to transfer venue, the root of the request is for reassignment.

As this Court previously noted in In re West, 2012 WL 1252984 (Bankr. N.D. Ohio 2012) (unpublished), the only guidance for reassignment of cases is found in Local Bankruptcy Rule 1073-1(d) which states:

> *Reassignment.* Nothing in the Local Bankruptcy Rules shall preclude the reassignment of cases, proceedings, or matters from one Judge to another Judge with the consent of both Judges.

West also outline the standard of review to be employed for reassignments, which will not be restated.

Debtor's request for reassignment is based solely on the fact that she resided in Marion County for the greater period of the 180 days before she filed. This does not persuade the Court that reassignment is appropriate. There is no discussion of why reassignment would be more economic or efficient, nor is there any basis for disrupting the assignment rule established in this district. Additionally, it appears that assignment to this Court is more convenient because the 341 meeting will be conducted in Richland County, which is closer to both Debtor's home and work.

Debtor did not meet her burden of proving reassignment is warranted. The motion will be denied. An order conforming to this opinion will be entered immediately.

So ordered.

\#     \#     \#

**Service List**:

**Cheryl A. Hollis**
1403 Whetstone Street
Bucyrus, OH 44820

**Brent A. Rowland**
148 E Center Street
Marion, OH 43302-3804

**Josiah L. Mason**
Canton - Trustee
153 W Main Street
PO Box 345
Ashland, OH 44805-2219